# Bigger, Appellant, *v.* Scouton.

*Taxation—Tax sales—Seated lands—Acts of April* 21, 1856, *P. L.* 477, *February* 23, 1858, *P. L.* 45, *June* 25, 1885, *P. L.* 187, *and June* 2, 1891, *P. L.* 175.

The third section of the Act of April 21, 1856, P. L. 477, as amended by the Act of February 23, 1858, applies to seated lands, and this section is not impliedly repealed by the Act of June 25, 1885, P. L. 187, as amended by the Act of June 2, 1891, P. L. 175.

Argued March 7, 1906.    Appeal, No. 12, March T., 1906, by plaintiff, from judgment of C. P. Sullivan Co., Sept. T., 1902, No. 66, for defendant non obstante veredicto in case of C. Elmer Bigger v. John G. Scouton, John Andrews and George W. Andrews.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Affirmed.

Ejectment for land in Shrewsbury township.    Before TERRY, P. J.

On a motion for judgment for defendant non obstante veredicto TERRY, P. J., filed the following opinion :

The verdict of the jury in the above-entitled case was directed by the court and taken in the following form :

" You say you find for the plaintiff the land described in the writ, subject to the reserved question whether under all the evidence in the case and the law applicable thereto, the plaintiff is entitled to recover; the court reserving the right to enter judgment for the defendants, non obstanto veredicto, in case we conclude the evidence does not warrant a recovery by the plaintiff."

The form of the question thus reserved was adopted with the consent of the counsel for the parties, and the matter is now before us for disposition.

There are two subjects for discussion.    One is whether the acknowledgment of the treasurer's deed to F. H. Ingham, plaintiff's grantor, for the land in controversy, was legally proven by the production of an entry thereof upon the court minutes ; and the other, whether the return of said land by the tax collector for unpaid taxes, in pursuance of which the treasurer subsequently sold it, was made within the time prescribed by law.

The defendants' objection to the deed, when it was offered, was, in substance, that it was inadmissible unless accompanied by proof that it was acknowledged in open court and an entry thereof made in the court minutes ; and in support of this position the case of Lee v. Newland, 164 Pa. 360, was cited. Whether that case, decided upon peculiar facts, rules the one at bar, in view of the clear minute appearing upon the sheriff's and treasurer's deed book offered in evidence by the plaintiff,

need not be decided, as, in our opinion, the other question must be resolved in favor of the defendants.

The tax for which the land in dispute was sold was assessed in 1894. The collector's return of the land to the county commissioners for exoneration of the tax for which it was afterward sold, was made June 14, 1895.

It was decided in Vandermark v. Phillips, 116 Pa. 199, that the provision of the third section of the Act of April 21, 1856, P. L. 477 (as amended by the Act of February 23, 1858, P. L. 45), requiring tax collectors to make their returns to the county commissioners for exonerations on or before February 1 in each and every year, is mandatory, and its observance is a condition precedent of the right of the commissioners to sell the land so returned for the unpaid taxes.

Counsel for the plaintiff admits this decision will prevent a recovery in this case if the act of 1856, as amended, is still in force He contends, however, that it has been repealed by the Act of June 25, 1885, P. L. 187, and its supplements; not expressly but by implication.

By the act of 1885, the term of office of the collector was made one year, beginning on the first Monday of April following his election ; and the tax duplicate is required to be issued to him on or before the first day of August. Upon receiving it he is directed to give notice thereof, and the persons rated therein who pay their taxes within sixty days from the date of such notice are entitled to a reduction of five per cent. Those who fail to make payment within the period of six months from said date are charged five per cent additional, to be added and collected by the collector. The Act of June 2, 1891, P. L. 175, provides that taxes collected within the sixty-day period shall be paid over by the collector to the proper authorities within fifteen days after the expiration of said period ; all taxes thereafter collected during his term of office shall be paid over at regular intervals of one month, and a full and complete settlement of all taxes collected shall be made by him with said authorities not later than three months after the expiration of his term of office. The Act of June 6, 1893, P. L. 333, extends the collector's official term to three years and requires him to give bond annually.

The argument of counsel for the plaintiff is that as the du-

plicate may be withheld from the collector until August 1, and as the period for collecting the tax with the addition of the five per cent penalty begins on the expiration of six months from the date of the notice aforesaid, the time for returning land for the nonpayment of tax and securing exoneration is thereby impliedly extended. That is, if he waits, as it is contended he should, for the expiration of the six months' period before making such return and obtaining the exoneration, the collector will have at the longest but one day viz.: February 1, for such action, which, the contention is, would be unreasonable.

It is further urged that the collector has until July 1 of each year to make the full settlement mentioned in the act of June 2, 1891. This conclusion is reached by the following mode of reasoning: The act of 1885 made the collector's term of office one year; the act of 1891 requires him to make full settlement within three months after the expiration of such term; the act of 1893 lengthened the term of office to three years, but requires him to give bond annually; hence, the full settlement aforesaid is enjoyed yearly, within said period of three months, which, dating from March 31, the end of the official term, would extend it to July 1, up to which time he would be authorized to return lands for nonpayment of taxes.

The weakness of the argument we have just outlined is, first, there is nothing in the act of 1895, or those following it, compelling the collector to wait until the expiration of the aforesaid six months' period before returning land in order to secure exoneration from the tax with which it is charged; and, second, not only does the act of 1885 fail to expressly repeal the act of April 21, 1856, as amended by the act of February 23, 1858, but on the contrary it provides, in section 10, that "exonerations may be made by the authorities and in the same manner as heretofore."

The word "manner" is defined by Webster to mean "customary method of acting;" one definition thereof given in the Standard Dictionary is, "usual practice;" and in 19 Am. & Eng. Ency. of Law (2d ed.), p. 921, note it is said that it sometimes includes time as well as mode. It seems to us that if the legislative intent had been to change the time for

making land returns it would have found expression, especially as there was an allusion to the. subject.

We are unable to perceive any repugnancy between the act of 1856, as amended, and those of later date to which reference has been made, that would warrant us in adjudging the former repealed. As, in our opinion, it is still in force, the case of Vandermark v. Phillips, 116 Pa. 199, is decisive of the question under consideration and requires us to hold that the treasurer's deed, upon which the plaintiff relies, conferred no title because the sale preceding it, and which is recited therein, was held without authority of law—the tax for the collection of which said sale of this land was made not having been returned on or before February 1, 1895.

Accordingly judgment is now entered for the defendants, non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*E. J. Mullen,* for appellant, cited : Vandermark v. Phillips, 116 Pa. 199.

*J. G. Scouton,* for appellees.

PER CURIAM, April 23, 1906 :

The contention that the third section of the Act of April 21, 1856, P. L. 477, as amended by the Act of February 23, 1858, P. L. 45, does not apply to seated lands cannot be sustained. In Vandermark v. Phillips, 116 Pa. 199, it was held—we quote from the opinion of the court—"The return of taxes was made too late in time, and was too defective in form to constitute a valid basis for a sale of the land in question." The time there referred to was the time fixed by the act above cited. This was a clear recognition of the application of the act to sales of seated lands, and the plain meaning of the ruling is that either of the objections therein specified, not merely both combined, was sufficient to defeat the sale. It does not detract from the authoritativeness of the decision as a controlling precedent in a later case where the question of the application of the act to seated lands is raised, that the deci-

sion cited might have been put exclusively upon the defectiveness of the form of the return.

The sale in question was made for the taxes of 1894, pursuant to a return made by the collector in June, 1895. The act of 1856, as amended by the act of 1858, provides that it shall not be lawful for the county treasurer to sell any lands which shall have been returned and taxes exonerated after February first. Therefore the return was too late, if that provision of the act was then in force. The argument of the appellant's counsel that it was impliedly repealed by the Act of June 25, 1885, P. L. 187, as amended by the Act of June 2, 1891, P. L. 175, and the time for making return impliedly extended to the time when by those acts the collector must make full settlement, is based largely upon the supposed inconvenience which would result from holding otherwise. The argument is not without force, but it is reasonable to suppose that if the legislature had intended to change the time when the returns must be made they would have fixed the time in express terms and would not have left it to uncertain inference. The fact that they declared that the collector must make full and complete settlement of all taxes collected not later than three months after the expiration of his term of office, or of the year for which they were levied, raises no certain inference that the legislature intended to fix the same period for making land returns. There is also affirmative evidence that they did not intend to change the law in this respect in the provision that " exonerations may be made by the authorities and in the same manner as heretofore." The appellant's argument ab inconvenienti is fairly stated and fully and satisfactorily answered in the opinion filed by the learned judge below; therefore we need not extend the discussion. We concur in his conclusions that the last cited acts did not abroagate nor amend the provision of the earlier acts under which the return must be made on or before the first day of February in order to be the basis of a valid sale.

Judgment affirmed.